JOSEPH A. JOHNSON v. C. H. CONVERSE, Appellant.

**Contracts:** PERFORMANCE: DEMAND: DAMAGES. Where the grantor of land, as one of the provisions of the contract of sale, agreed to take up and carry for a definite time a mortgage assumed by the grantee in case the mortgagee would not extend the time of payment, the grantee was not bound to ascertain whether the mortgagee would extend the same prior to the date of its maturity, or to demand of the grantor on the date of its maturity that he take the same up, to authorize recovery of damages for breach of the agreement; but it was sufficient if he gave notice and made such demand within a reasonable time.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, DECEMBER 10, 1912.

ACTION to recover damages for breach of written contract. By answer the defendant put in issue the allegations as to breach. There was a verdict and judgment for plaintiff, and the defendant appeals.—*Affirmed.*

*I. D. Shuttleworth* and *C. H. Converse,* for appellant.

*A. L. Preston,* for appellee.

McCLAIN, C. J.—Prior to December 11, 1904, plaintiff had purchased from defendant a farm, with provision in the contract that the plaintiff assume the payment of a mortgage for $5,000 which had been recently executed by defendant, and which would fall due on that date. The contract contained this further provision: "And Converse agrees that in case the party holding the said mortgage refuses to extend the time of payment when due, for another period of five years, that he will take up the same, pay it off and hold it, to be paid by Johnson to Converse at the same rate of interest." It appears without controversy in the evidence that on the day after the date of maturity of this mortgage plaintiff spoke to defendant with reference to its renewal, whereupon defendant objected that he had not been notified of refusal of the mortgagee to extend, and that he was not prepared to take care of it. Thereupon plaintiff communicated with the party representing the mortgagee (then deceased), and ascertained that the mortgage would not be extended. He caused his attorney on January 27th following to write a letter to defendant, who was then in another state, advising defendant that plaintiff was unable to get the mortgage renewed without expense, and giving to defendant the option to take it up and

carry it or pay the expense of the renewal. Upon failure of defendant to comply with either of these conditions, and after further conference between the parties on the subject, defendant at no time indicating a willingness to either take up the mortgage or secure another mortgage to cover the indebtedness, plaintiff brought this action for damages in the amount of the expense necessarily incurred by him in procuring another loan, including an increase of interest which it became necessary for him to pay in order to secure the money by mortgage on the land.

Defendant's theory throughout seems to have been that it was plaintiff's duty to ascertain before the mortgage matured whether an extension would be granted, and notify defendant of that fact, demanding at the same time a performance of the condition of the contract; and an instruction to that effect was asked for the defendant. This theory is evidently untenable. There is nothing in the stipulation requiring notice or demand on the day of the maturity of the mortgage. The court left it to the jury to say whether notice and demand were within a reasonable time, and we think this was the proper construction of the effect of the contract.

A further contention for appellant seems to be that, after ascertaining that the mortgage would not be extended, plaintiff without notice to the defendant incurred expense in procuring a new mortgage. But it appears without conflict in the evidence that at no time was the defendant willing to perform the obligation of his contract to take up the mortgage by paying it off and to hold it as an obligation of plaintiff; and it further appears that plaintiff had not concluded his negotiation of a new mortgage until some time after defendant was formally notified of plaintiff's requirement that the mortgage be taken up or renewed at defendant's expense. The question whether plaintiff incurred unnecessary expense in securing a new mortgage was left to the jury under proper instructions. Although the instructions given by the court are subjected to some verbal criticism on behalf of appellant,

we have been unable to discover, after carefully noticing the points made in the argument, that there was any error therein. The criticisms are predicated on the erroneous view of defendant as to his obligations under the agreement.

Finding no error in the record, the judgment is *Affirmed.*